Our third case today and our last case this morning is Case 412-0139. That is Reynolds v. Jimmy John's Enterprises at Al for the appellant, Gregory Skrow. For the appellate, we have two attorneys appearing, Joe Lewis and Scott Emlin. Are you dividing your time? Yes. And you've cleared that with the clerk. Very well. You may proceed. May it please the court. Good morning, Justices. I will introduce co-counsel Jason Young. Welcome. Who's a great assistance in preparing for today. I am Greg Skrow on behalf of Robert Reynolds. On April 13, 2010, Robert Reynolds was injured in a motor vehicle accident with a Jimmy John's delivery driver. In circuit court, he claimed that both the Jimmy John's franchisor and the Jimmy John's franchisee were directly liable to him for failing to train or supervise their driver. The circuit court found that neither the franchisor nor the franchisee had a duty of law and dismissed the case to the appeal. The question today for this honorable court is when, if ever, does an Illinois employer have a duty to supervise or train a licensed driver? The appellant urges that there are two circumstances present in this case that give rise to such a duty. First, when the employer mandates fast deliveries by car. Second, Did the employer mandate fast delivery by car in this case? We have pled that the employer mandates 15 minute delivery. The second circumstance which we allege is that And I presume your argument is I'm supposed to accept that for purposes of today's hearing as true, that it is a mandate. Yes, your honor. As this case But you don't want us to accept it as true that it happens. No, that's not true. Well, I don't think it happened in this particular factual situation. I think the delivery got slowed down a little bit on April 13th. Because this case was dismissed, the allegations of the plaintiff should be accepted as true. And we ask you, therefore, to take that allegation that there was a 15 minute delivery. We've used the term expedited delivery and ultra fast delivery in some. I thought freaky was in there somewhere. I think it's in there in one spot. I anticipate that the opposing counsel is going to argue A lot of times you have a motion to dismiss or no depositions, usually save for summary judgment. But here we do have depositions. And I think we call that affirmative matter. Based upon affirmative matter that I think it is appropriate for us to consider, Is the 15 minute a mandate or do we still not know? There just isn't enough information. The person we deposed was a delivery driver. And he clearly does not know as much about the relationship between the franchisor and the franchisee as we do. We have alleged the franchisor controls the franchisee, its agents, employees, and representatives. That's paragraph 19 of the amended complaint. We do know from his deposition that corporate representatives came to the store and judged them in their uniforms on all different manner of things. And if I might just grab the transcript. According to his own words, and these are in the deposition record, page A110. They were there to look at us, too, our uniform and stuff, make sure that we are making their employees do everything correctly. And the inquiry was, are you assuming that or do you know it? And he said, yes, I know that's why they were there. I've seen, like the paperwork, that they fill out when they grade us. So this franchisor sent people to the store to make sure its mandates. Let me try to put this in context. You filed this complaint and the defendants filed motions to dismiss under both section 2615 and 2619? Yes, sir. So 2615 that you're saying you didn't state a cause of action. Yes, exactly. And we have to accept all well pleaded facts as true and we can consider nothing beyond just what's on the complaint itself. I think inferences can be drawn from this. On reasonable inferences, but those are supposed to be drawn in your favor on a motion to dismiss. Then there's a 2619 motion. That would be the so what motion. Yes, you've pleaded this case and we accept that you've stated these facts, but you lose for some other reason. That would be the affirmative matter. What's the affirmative matter in this case that they've asserted? Well, I would ask you to ask a police counsel. I'm a little unclear. I intend to ask them what the affirmative matter is that would, for instance, permit us to consider depositions or other matters. But the problem with 2619, as I suspect you know, counsel, is on a 2619 motion we're, again, to accept all well pleaded facts as true. And we're not supposed to be hearing factual contest, except with regard to what that affirmative matter might be, such as the statute of limitations is wrong. Before they have a chance to explain it, I'm wondering if you could clarify what this affirmative matter was. Well, our position is that we've pled two valid causes of action, most recently recognized in Van Buren, described by Judge Justice Garman as distinct theories of negligence. And we've alleged facts in our complaint which meet all of the elements of those distinct theories of negligence. The question seems to be whether there is a threshold of duty, whether the defendants owe a duty. But the fun part about this is the mixed issue of law and fact with foreseeability gives rise to duty. And foreseeability involves fact. With regard to the trading issue, it seems to me that you claim in your complaint that because of this freaky fast delivery policy, there's an affirmative duty upon the defendants to train the drivers to say you have to follow the rules of the road. Is that a correct statement of your position? We say more, Your Honor. What more do you say about this? I'm not sure I understand. Don't act negligently. Pardon? Don't act negligently. Oh, so let me see if I understand. Had they hired this guy, the driver, and they said you're going to be a driver now. And, by the way, two things. One, follow the rules of the road. And, two, don't drive negligently, which I guess is kind of an offshoot of one anyway. If you follow the rules of the road, I guess you can't be driving negligently. Had they just done that, no case. Is that right? To an extent, but it's all about foreseeability. Well, but I want to understand exactly what it is that you're alleging, your theory on what the deficiency is in this particular case, that the employer didn't turn to the guy they hired to deliver their food and say observe the rules of the road. And when you're talking about foreseeability, why isn't it an implicit foreseeable thing whenever any employer hires anyone to drive that, by the way, we always expect you to follow the rules of the road? Auto accidents are foreseeable any time you drive. An increased risk of auto accidents are more foreseeable if you are mandated to be quick about it. And the issue of why... So you're pausing right there. You're asking us to believe a duty is created that might not otherwise be present because by telling them to be quick about it, implicitly they are undermining the need for the drivers to follow the rules of the road or perhaps they're being told disregard them. Is that essentially your position? We need only establish a threshold of duty to discover the facts, and we've not been authorized to discover the facts. The threshold of duty to me using the Vancura test is, is there a potential increased risk of harm which is foreseeable? And if you look at the Burger King case, you've got... I want to just stop right there. The potential... So I understand your theory. The potential increase in harm is when the company turns to the driver and says, we want these delivered fast. If you mandate... How does that work? Why should... I'm trying to understand here. Duty is a matter of law counsel. This is a matter of policy. We're supposed to be concluding this. Why is saying, we have freaky fast delivery, we want you to deliver it fast, why doesn't that just mean don't hurry at the office, don't have a coffee break, don't sit around and shoot the breeze with the other folks when you're making the sandwiches, do it quickly? From where does the inference arise that when you're talking about freaky fast delivery, it means disregard the rules of the road, disregard traffic laws? Why should we conclude that? We assert those are issues of fact. Foreseeability is an issue of fact. This is a mixed issue of law and fact in terms of whether expedited deliveries creates an increased risk, thereby making injury foreseeable. Just as, by the way, expedited making of sandwiches could create an increased risk of poisoning if not trained or supervised. And they train and supervise the making of sandwiches here. So they have to tell their employees don't put poison in the sandwich? No, but they have a duty to tell them how to make a sandwich and make sure they do it. I want to come back to the affirmative matter argument that I visited with you and Justice Steinman revisited. Is your theory of liability based upon Restatement 2nd and towards Section 317, Duty of Mastery Control Conduct of Servant? It's actually based upon Restatement 7.03 of the Restatement 3rd of Agency, Your Honor, wherein it says a principal is subject to direct liability to a third party harmed by an agent's conduct when, subsection b, the principal is negligent in selecting, supervising, or otherwise controlling the agent. So Section 317 of the Restatement of Torts has nothing to do with your theory of proceeding on this matter? Section 317 applies, but Section 319 modifies that by saying one who takes charge of a third person has a duty to exercise reasonable care to control that third person. Well, help me, this discussion is interesting, but what does Jimmy Jones have to do with any of this? What have you planned other than saying control? I mean, they're not going to send people from corporate to hire drivers. Jimmy Jones controls the policy of delivery within 15 minutes. We do know they control other things. How do they control it? By their mandate to the franchisee. Why is it a mandate? Alleging it's a mandate doesn't make it a mandate. 15 minutes is advertising puffery unless you do it so many times the franchisee loses the franchise. The employees are sanctioned. You lose, you're fired. Do you allege any of that or do you just allege that they've got a policy and an advertising campaign that says we'll be fast? We need more discovery. Well, I mean, aren't you supposed to have well pleaded facts? We are. What are the well pleaded facts that some people from corporate came and said your uniforms are good, you're clean, you look like you're good? Well, we do allege franchise or controls franchisees and its agents and mandates a policy of ultra-fast delivery. Wasn't that a conclusion? And if you're saying mandate control, shouldn't you be alleging facts from which the conclusion of control can be reached? And what are the facts you allege to support that conclusion? Well, facts can certainly be inferred from the allegations of control, expedited delivery, ultra-fast delivery. But the fact that this was dismissed without allowing us to, for instance, even cross-examine the corporate affiance, see the franchise agreement, see the policy agreement. By the way, excuse me for just a moment. I apologize because this is digression here. I want to get to what you were just talking about, dismiss. One of the claims in this, how many pages is it? 26 page or whatever it is, motion to dismiss or whatever, alleges that you failed to allege sufficient facts or also allege certain conclusions. And therefore, under 2615, they're moving to dismiss. Now, just as a matter of procedure here, I'm not sure what the trial court said about that. And assuming the trial court agreed for the moment, does this connect, and I suggest that there's some merit to some of this. Did the trial court offer you or did you seek an opportunity to file an amended complaint to address these alleged factual deficiencies? The trial court denied us proceeding with a second amended complaint. So you were asked to file a second amended complaint? I specifically remember asking whether this was a dismissal with prejudice or whether we would be granted leave to amend. And this was Judge Kelly? Yes. Did Judge Kelly explain why he was granting the motion to dismiss? Well, this is his quote, and I feel even uncomfortable saying it. He said, I just don't buy it, Mr. Sproul. The ode, I just don't buy it, really. We've heard it before. Yeah. It was very comfortable. Maybe in a prior interrogation I might even have uttered it. But for purposes of guidance now, it's a little bit vague. We are a notice pleading state, of course, Your Honor. And I believe the franchisor is clearly on notice of what we allege. And I believe that there are Well, to be more clear, is this case ready at the moment for disposition? That is, and this question I'll be asking defendants, if they raise the question that your complaint was insufficient because it didn't contain sufficient factual vermin, and that there were conclusions and other language that needed to be cleaned up, and the court agreed, and you asked for an opportunity to file an amended complaint, it's very rare and unusual that you would be denied that request. But that's what you're telling us happened here. Well, I believe Judge Kelly's ruling was that there was no duty as a matter of law, that there was no set of facts we could plead. So his ruling was you are unable to provide a set of facts that could ever establish a duty, even though you asked for an opportunity to file a second amended complaint or an amended complaint? If I may be so bold as to speak for him. Be bold, counsel. Go ahead. I think he said there's no cause of action here. You don't, Mr. Reynolds doesn't have a claim against these defendants. There's no duty. Are you asking for an opportunity to file that amended complaint, or are you saying that the one before us is good enough and that's where the reversal should occur? We're hoping to remand and discover and possibly amend based upon discovery. May I also just briefly point out that there are additional allegations against the franchisee about the known shortcut and left turn. So we did not allege that against the franchisor because we don't yet know what the franchisor knew. Did the franchisor know of the specific avoidance? Well, didn't we allege that was illegal for the driver to exit? We used the word illegal. But that's not even true. But you're asking us to say you've got it so we have to accept it. Vancouver requires only malfeasance, not clear illegality. In fact, Justice Garmon said reliance on the inverse proposition that compliance with the statute dictates that there is no negligence is misplaced. She's saying malfeasance is negligence. So if turning left, avoiding a traffic light as a pattern, as a regular pattern, and turning left from a driveway across a busy street is negligent, then that's the malfeasance that is required, not illegality. Have you read Hills v. Bridgeview Little League Association? I read a summary of it. I did not read the entire case. Do you think it has any applicability to what lies before this court today inasmuch as it was a duty case? Well, I think it addresses foreseeability, yes. I think there are many fact patterns in all different manner of cases in which is it foreseeable that a car is going to fly through a Burger King window and hit a person? Well, the court ruled it is, that there's enough foreseeability that a duty ensues. And so to me that's more extreme than here. Is it foreseeable that sending kids out to deliver sandwiches quickly creates a greater risk of auto accidents? And I would say that threshold is met. Okay, thank you. You will have rebuttal. Mr. Rumlin. Yes, for J3, it's apparent that the court has a grip on the case, and so I won't go into too much detail. I will say that after the first complaint was dismissed, pursuant to 2615, the argument being that there were conclusions pled and no facts to support conclusions, by agreement of the parties, we did do the discovery deposition of the driver, Jake Sawyer. In terms of affirmative matter in a 2619 motion, my motion was brought pursuant to 2619 because of the false allegation that it was illegal to make a left-hand turn. How is that affirmative matter under 2619? Well, I believe that there are plenty of cases out there that will say a 2619 motion can be essentially a motion for summary judgment. And to bring in a fact to prove that a pled fact is absolutely false I think is perfectly permissible under 2619 as affirmative matter. How does that work, counsel? Exactly like it worked here. Why don't you just answer the complaint and file a motion for a summary judgment? Well, because it was part of a 2615 motion. Well, that's another problem. Why don't you just do it separately so everyone understands what's what? Well, mine was broken into two separate arguments. It clearly was. So, I'm reading here your motion under 2619. The court should dismiss the implied authority pursuant to 2619 because plaintiff alleged false facts. True. Now, counsel, the Supreme Court of Illinois and other courts have repeatedly pointed out that when you file a 2619 motion, you're accepting all well-pleaded facts as true. And you're saying, yes, this is true. And you also are accepting you've stated a cause of action. But, plaintiff, you lose because of this other affirmative matter, such as statute of limitations. Such as the court doesn't have jurisdiction. Such as that the matter might be privileged. Not on the grounds it's not a fact-based motion, except to the extent that there might be a disagreement about the factual basis underlying that affirmative matter, for instance, statute of limitations, where the argument is, well, the discovery rule doesn't apply or doesn't. Why didn't you just file an answer and then raise, if you don't accept the facts as proved or as alleged, a motion for summary judgment, which is a fact-based motion, and then we could have a hearing before the court deciding all of it under 2105? Well, that never having been raised, I believe that it was correct procedure, and I continue to believe that there's case law to support that this is a correct procedure, that the court essentially can treat the 2619 motion as a motion for summary judgment. What was the stipulation as to taking the deposition? That we would agree that they asked for Jake Sawyer's deposition and they could have it. Well, was it agreed that the evidence from the deposition would be used then either in support of or against the 2-619 motion? Because it seems like, as Justice Steinman has indicated, you turned the 2619 into a summary judgment proceeding based upon the taking of the deposition. Right. I have to admit that I'm not absolutely clear on the procedure in terms of what happened first, but what I believe happened was we had the first dismissal. We had time to re-plead. Before they re-pleaded, they wanted to do the deposition. Notwithstanding the deposition, they pled what I believe was a false fact, and then I think because of that I filed a 2619 motion. By the way, just so we're clear on this, am I correct that other than your claim that asserting the plaintiff pleaded a false fact in the complaint is cognizable somehow in the 2619? There is no affirmative matter that you're asserting here, is there? Well, my understanding is that you can use factual evidence as the affirmative matter, and that comes from my understanding of... As opposed to you just contesting the underlying... Right. You're contesting. That's what's really going on here. I thought the affirmative matter that you were using was the fact that Sawyer had had a license for approximately four or five years, was almost 21 years old, had a license since 16, had no prior traffic incidences, at least as you knew it, had a clean driving record, and that all of that was affirmative matter in evaluating duty under a 2619 motion. That came in as well, but again, and I could be incorrect, but I seem to have a clear recollection that there are ample appellate cases that say a 2619 can essentially be... Well, there are lots of appellate courses that say this was argued and filed as a 2619 case, but incorrectly so. It's really a motion for summary judgment. And because there's no prejudice to the other side, that's how we'll deal with it on appeal. I may very well be... I may have been procedurally incorrect. What about going back to the first question, which is really the initial question. Is the record before us one in which the plaintiffs had their motion... Did the trial court grant your motion to dismiss under 2615 on the grounds that they failed to state a cause of action? And did the plaintiffs then ask for an opportunity to re-plead, which the trial court denied them? I do not recall re-pleading. I do recall... You do not recall... Well, there was apparently no re-pleading. Did they request an opportunity to re-plead? After the second dismissal. I do not believe so, but I do remember Mr. Sergio asking if this is for dismissal, which he may have... With prejudice. Right. As opposed to an opportunity to re-plead, to file, to see if they can correct the claims that you made about how this motion, the complaint, was conclusory and all that? Aren't they entitled to re-plead, counsel? If they requested, I think they are. Well, did you tell Judge Kelly, wait a minute, Judge Kelly, don't dismiss this with prejudice. They're entitled to re-plead. If the 2619 motion is improper in this case, which... I'm focusing on the 2615. You claimed in that motion they failed to state a cause of action and the complaint was filled with conclusions and insufficient facts, right? If we look at just 2615, the first complaint was dismissed largely because there are no factual allegations to support what it means to be freaky fast, what 15 minutes means, etc., etc. Moving on to the second, the amended complaint, the second complaint, still there were no facts alleged. So I do think the court was correct in that you don't have any facts to support what it means to have a freaky fast delivery. So there was an amended complaint in this case? There wasn't. We're up here on the amended. Okay, and the amended complaint, in your judgment, did not address any of the issues that you raised where it was too conclusory and insufficient factual pleadings? Well, it tried to by improperly alleging that making a left-hand turn out of that lot was illegal. And that's essentially it. And it may have gone from not alleging 15-minute delivery requirement in the first complaint to saying there is a 15-minute delivery requirement. Well, counsel, it's been a while since I was a trial judge. But I recall in this court that when you have involved complaints or interesting theories like we have here, that before I'd say I conclude as a trial court, I'm sorry, plaintiff, that I've given you multiple opportunities to demonstrate to address the deficiencies in your complaint by pleading additional facts and also clearing up any conclusory allegations. And despite these multiple opportunities to do so, you fail. And the plaintiff or the defendant's motion regarding your failure to show duty under 2615, I'm going to grant. It seems to me, and that's why I'm asking you this question explicitly, that we haven't given the plaintiff those multiple opportunities in this case, that we've had one opportunity, and the trial court apparently concluded that he hasn't done it yet. And despite the request for an additional opportunity, which doesn't strike me as unreasonable, the trial court denied it, dismissed this case with prejudice, and you stood by and said nothing. Well, one reason that it's proper at this stage of the game is because one of the arguments made was, look, we need to discover the facts before we know what we can plead. And that's totally against Rule 137. It's totally against the rules of pleading wealth-led facts. It's not wealth-led if you just make them up out of whole cloth. And so when you're coming to the court with conclusions, not facts, and then it's dismissed once, and then you come back with conclusions, not facts, and your argument is, don't dismiss it this time because I need more discovery to find facts that I can plead, I think it's acceptable to dismiss with prejudice under 2615 at that stage of the game. And I promised co-counsel I'd only take about five minutes. Well, I'm sorry. It's been my fault. But here's the other thing. You know, we're up here and arguing about what might have happened. Typically, in my experience, again, I'd turn to a plaintiff and say, well, I think your complaint is still insufficient. I'm going to give you another three. How much time do you need? I'll give you another three weeks, maybe four. Come up with your second amended complaint. And that's going to be your last shot. Because even if I agree with your assessment of the discovery, you don't get discovery yet. Go ahead and do it. But they didn't do it. None of that happened. The argument there and the argument here is, in order to plead a cause of action, we need to do discovery. Well, you're correct. I've heard it. Do you think Section 317 or Section 319 of the Restatement Law towards second applies? I don't. Well, I'm asking which one, if either. Well, here's what I think. You know, the Ziemba case that says, you know, you don't have a duty to anticipate the negligence of another, of a third party. That's clearly applicable to this case. Because what they're saying is, first they're saying it's a statutory violation to take the route he took to exit the state parking lot. When that becomes clear that that's not true, then they say, well, all there has to be is malfeasance. But up until the point where Jake Sawyer has a momentary lapse in judgment, one time, that results in this accident, they cannot plead any malfeasance in that. What they want to say is, it's less likely Jake Sawyer would be negligent over here at the stoplight than it is that he'd be negligent over here at the bank lot. But the Ziemba case and its progeny say that you don't have that obligation or that duty to anticipate that driver's negligence. Ziemba, its progeny, the Bridgeview Baseball game, they all talk about that. And the theory that they have, the theory that prevents this employer from letting its employee do negligent acts, is there with vicarious liability. They forewent that theory against these defendants. And so that's why we're here, trying to find a theory that they can proceed with. So their settlement with Sawyer was essentially a waiver going under the theory of vicarious liability and limiting them to direct liability. The case law is pretty clear on that, and I assume that's why it wasn't raised as an issue to this court. I just want to admit, this idea of false facts, I have a hard time relating to that. I mean, if it's false, it's not a fact. I guess it's a false alleged fact. This is pretty fundamental stuff, counsel. Well, I'm sorry, it wasn't raised in the trial court. I wasn't prepared to argue it here. But I've always been of the mindset that there are cases, there's case law out there that says... You've told us that, counsel. Give up. Ms. Lewis. Don't blame your co-counsel. It's my fault, Ms. Lewis. I asked them all these questions. May it please the court and counsel. My name is Jill Lewis, and I represent the Jimmy Johns entities, the three corporate entities that were sued. My motion was brought under 2619, and it was based on other affirmative matter. What is it? In the form of the affidavit of Jeff Bond from Jimmy Johns and the Deposition Testament. What is the affirmative matter? The affirmative matter is that plaintiff pled conclusions, not well-pled facts. That's a 2615 motion. Well, no, on a 619, only well-pled facts are taken as true, not conclusions. And he concluded, without any supporting facts, that... And I'm just going to call him the Jimmy Johns. That Jimmy Johns controlled Jake Sawyer. And the Deposition Testimony of Mr. Sawyer refuted that. The affidavit of Jeff Bond refuted that on the issue of, you know, was there an employment or agency relationship? So this was a factual dispute? It was not a factual dispute. He had no facts at all that Jimmy Johns controlled anything of Jake Sawyer. And Jake Sawyer, he didn't produce any counter-affidavits or anything to dispute it. So, no, there was no disputed fact. The undisputed evidence... Counsel, this is an affirmative matter. As recently as this year, the Supreme Court of Illinois, regarding a 2619 motion, said that it must accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that may reasonably be drawn therefrom. And furthermore, that when you bring a 2619, you are accepting, for purposes of that motion, that the plaintiff has stated a cause of action. It's a yes, but motion. And so the affirmative matter is statute of limitations, we have privilege, grace judicata, something other than the complaint. Now, what you're telling me is, no, we just are disputing the factual vermins within the complaint. No, what I'm arguing is that I agree. You take well-plead facts, but you do not take conclusions of law, conclusory facts. But you can't consider on a 2615 motion whether the plaintiff has stated a cause of actions, depositions, interrogatories, or anything else, can you? My motion was brought under 619. Well, what's the affirmative matter then? The affirmative matter, I have a Supreme Court case, Zadella v. Gibson, 165 L. 2nd, 181. It's a 619. They brought an affidavit, father's affidavit, supported argument, he did not have superior right of control. And the Supreme Court affirmed dismissal on a 619. So, you know, when a plaintiff does not plead facts, and he had two opportunities to do that. And if I might say, I do recall what happened at the trial level. And the plaintiff's counsel, in all due respect, he did not request leave to file an amendment to pleading. I remember being surprised by that. And there is nothing in the order saying plaintiff's request is denied. The judge ruled, and that was it. And the judge ruled that way because this was an unusual situation where a deposition was taken before we were even at issue. And once Jake Sawyer was deposed, and once he testified that my employer is J3, and J3 hired me and paid me and trained me and did everything, and Jimmy Johnson had nothing, no control, as was pled in a conclusory manner by the plaintiff, a 619 based on the deposition and on the affidavit was proper. So you don't have any affirmative matter. Are you just disputing the facts underlying their claim? Well, the affirmative matter is the affidavit. It's not true what they said, that they had control and all the rest of it. I mean, essentially this is like a motion for summary judgment where there's no genuine issue of material fact. Isn't that what your position is? No, I think my position is a little different. But if you want to take it as a summary judgment, it could have been. If we answered in denied and then attached the affidavit. The 2619 speaks of affirmative matter, and I'm still trying to figure out what it was in this case. They give examples of affirmative matter in 2619A, race judicata, no jurisdiction, privilege, stash limitations. That is, things above and beyond the complaint because you're supposed to be doing two things. One, accepting that they have stated the cause of action by filing a 2619, and two, not contesting the factual affirmance within it, all well-pleaded facts. And you're asserting an affirmative action. That's why you'd say, yes, but motion. Yes, you state a cause of action, but you lose for some of this other stuff. If I understand your position, what you're saying is what they've asserted isn't true, and let's have a fact-based discussion, maybe a motion for summary judgment, where we're going to resolve that, and we'll find out whether there's any even general issue of material fact presented here. Or you can be claiming that there's no duty under 2615, but we can't consider affidavits when we resolve whether a complaint states a cause of action under 2615, Counsel. Well, again, mine was a 619, and you can consider, as the Supreme Court held in Sedala, a 619 is allowed. Who requested the taking of the deposition and submitting the affidavit? I'll tell you what happened. After the trial court dismissed the first, the original complaint, the trial court, on its own, said, if you want to do some discovery to try to come up with some facts that might support an amended pleading, I'm going to give you time to do that. And we allowed him to take this deposition of Jake Sawyer. Do the parties agree that the evidence would be taken and that facts gleaned from the deposition, I said the evidence, the deposition, the evidence taken from the deposition would be presented at the motion to dismiss, whether it be a 2615 or a 2619? Well, before the deposition was taken, there was no complaint even on file at that point. And so there was no motion on file, obviously, either. The deposition was actually taken in the hopes that he would get some facts that would support his conclusions of control and employment relationship and to support any duty that was owed by my clients and by J3 to the plaintiff. Okay, so there was no agreement then? There was no agreement. There was an agreement to take a deposition, but as far as what we're going to do with that deposition, no agreement. No, and when Jake Sawyer came in and testified as he testified, and I might say that, you know, Jake Sawyer, one of the things that I thought the trial court found compelling was the fact that Jake Sawyer testified that he was never encouraged to break any rules of the road. He was never encouraged to drive fast. And I think that as pled, the complaint shows basically that he failed to yield. And, you know, there's nothing illegal or even dangerous, for that matter, about going through a public parking lot and out an exit that is not, you know, there's no prohibition from that. So the point of my motion and the point of my argument here today is that plaintiff did not and really cannot ever plead the existence of an employment agency relationship between Jimmy Johns, the corporate entities, and Jake Sawyer, the employee of the franchisee, nor can he plead, and this hasn't been brought up at all, that we knew or should have known of any dangerous activity because I don't, there's been no danger of dangerous activity. Well, if this were to apply to you or not as liability, by proceeding as you have, do you admit the well-pleaded fact that it is a corporate hope, policy, advertising medium to suggest that there will be freaky fast deliveries and that they will be within 15 minutes? Is that or is that not pled, and is that or is that not something that you're now conceding? And I'm not saying that you control it. I'm not asking that. I'm not asking if it's a mandate that if he doesn't do it once, the franchisee loses his job. I'm just asking if that's part of the case. He does not plead, and I'm looking for the actual allegation, he does not plead that there is an actual freaky fast policy, nor can he because there is no such policy. As you said, it's advertising puffery. So does it count? Does an advertising campaign give rise to a duty? I don't know of any case under Illinois law that says it does. If it did, speedy printing would be in a whole lot of trouble. If you ever had the name fast in your corporate name or corporate slogan, you'd be in trouble. You'd be subject to liability. There are franchises that if the pizza doesn't come on time, it's free. I assume that's a corporate policy because they wouldn't give up the money unless it meant more than just puffery. Well, good thing I don't represent Domino's. There you go. You are out of time. Thank you for your argument. Rebuttal, please. Thank you. I know you'll have questions, but if you will indulge me just a moment to direct you to paragraph 19 of count 1 of the amended complaint, wherein we allege specifically that these defendants assert said deliveries will be made within 15 minutes of receiving the order, and we cite another case involving these defendants. So we plot it as a fact, not as puffery or conclusion. We say they mandate this will be done. This is what they're going to do. This is their business model. Well, you're saying the word mandate got us off on a track at the beginning of this. Why not just say it appears to be a corporate policy? I mean, how can you plead it's a mandate based upon what you have available to you? I concede an article pleading, Your Honor. I shouldn't have used the word illegal either. I should have used the word malfeasant. What about the question I raised earlier about, and there seems to be some dispute here, whether you've asked for an opportunity to file an additional amended complaint? I think that you need to bear in mind the respect due Judge Kelly. I said is this with prejudice? So the answer is no. Oh, you did say is this with prejudice? Is this with prejudice? And counsel acknowledged I said that. And the order says with prejudice. And what did you say? He said it's with prejudice. I didn't say so that means I can't amend because in my understanding that means I can't amend. Well, yes, but, you know, we were trial judges. And I, you know, at some point you'd say, wait a second, Judge. I think I can amend it. I want another opportunity. You know, the mere fact that you asked is this with prejudice suggests maybe this was a surprise. And say, well, it shouldn't be with prejudice because I want another opportunity to attempt to address some of these concerns. Give me another three weeks, Judge. But you never said any of that. I'm going to say it was a 40-minute hearing during which we covered a lot of issues. And among those issues were the whole idea of whether I could plead and the I don't buy it. And whether there's a cause of action. And I, at the very end, asking is this with prejudice, I'm saying are you going to give us a chance to redo this? No, it's with prejudice. So that was my answer. We have to specifically infer from that that what you really meant to say was, Judge, is this with prejudice because it shouldn't be and I need another three weeks and I'm going to be able to address all these concerns you expressed. I would love to go back into that. Okay. Go ahead, Counsel. I guess I would direct this court to the Vancura opinion as the most recent statement of what Illinois law is on this topic. And Justice Garmon told us there's a test. And she said if it's foreseeable. And here, when Jimmy Johns undertook to deliver sandwiches quickly, auto accidents became foreseeable. And the injury to this person, injuries are likely in automobile accidents. All we're asking is that Jimmy Johns exercise ordinary care. Which is an issue of fact. This gets in front of a jury who looks at the contribution statute, determines if any of these defendants are 25% at fault. Not just whether Jake Sawyer caused this accident. Should a jury have the threshold right to determine whether the policies of the franchisor and the employment of the franchisee contributed to the fault? Other than the policy of the franchise, which you assert we're going to deliver within 15 minutes. If that had not been the case, had you not pled that, got anything to go on? Regular practice of a negligent left turn avoiding a traffic light. Which, by the way, in Jake Sawyer's transcript he concedes it's common sense. So you're saying freaky fast is a policy. It's not just advertising puffery. Right. You said your complaint actually states that in paragraph 19 of count one. Paragraph 19. I thought that's what you said at the beginning. I think you said it imposes the 15 minutes. Right. It does not use the word policy. Don't you have to allege it's a policy? We said they instruct and encourage. I'm seeing what you said. Should I take anything out of the fact that this complaint is not verified? No. No. No, it was not verified because we weren't required to verify and the answers weren't verified. I want to go back to your answer to my question earlier when I asked about your allegations and you made reference to the deposition. Are you suggesting that as we evaluate your complaint under 2615 we may consider the deposition? Well, I think you have an inquiry under 2615 and 2619, and I think under 2615 it's a threshold question. And the facts that we're... Well, I don't understand what you're... May we consider the deposition you referred to when we evaluate under 2615 whether your complaint is stated cause and effect? No, you must consider the well-pled facts. Only? If you consider them well-pled. Okay, so the deposition that was stained by agreement for whatever reason, that's not before us? The deposition and the affidavit are before you under 2619, and we feel they're contradictory whether those are the affirmative matter. I think it's the pleadings only that we look at under 615. Okay, thanks to all of you. Interesting case. The case is submitted, and the court stands in recess until after lunch.